IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID R. MASON | ) |
| | ) |
| v. | ) No. 3:15-0602 |
| | ) |
| JEH JOHNSON, | ) |
| Department of Homeland Security | ) |

TO:    Honorable Todd J. Campbell, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered May 29, 2015 (Docket Entry No. 3), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on all dispositive motions.

Presently pending before the court is Defendant's motion to dismiss (Docket Entry No. 10), to which Plaintiff has filed a response in opposition (Docket Entry No. 15). For the reasons set out below, the Court recommends that the motion to dismiss be denied.

**I. BACKGROUND**

Plaintiff is an employee of the U.S. Department of Homeland Security working in the Transportation Security Administration ("TSA") at the Nashville International Airport. He filed this action *pro se* on May 28, 2015, against Jeh Johnson, the Secretary of the Department of Homeland Security, alleging that he had been subject to employment discrimination on account of his race, color, and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. In a somewhat sparse complaint, Plaintiff specifically alleges that, on January 14, 2011, his job position was changed from "Financial Specialist" to "Program Analyst" pursuant to

a temporary detail. *See* Complaint (Docket Entry No. 1) at 3. He asserts that, although the temporary detail required him to perform functions that were within his prior job position as a Financial Analyst, other similarly situated employees did not have their job positions involuntarily changed. *Id*. Plaintiff intimates that the Program Analyst position is a lesser position. *Id*. Plaintiff seeks monetary relief and equitable relief stated by him as "restore the Plaintiff's "Financial Specialist" position and re-classify it to the K-Band level performed." *Id*. at 4. Attached to Plaintiff's Complaint are documents generated during Plaintiff's exhaustion of his claim at the administrative level. *See* Docket Entry Nos 1-1 and 1-2.

In lieu of an answer, Defendant has filed the pending motion to dismiss. Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Plaintiff fails to plead facts that are sufficient to state a claim for relief because his allegations do not support a *prima facie* case of employment discrimination under Title VII. Specifically, Defendant contends that Plaintiff's allegations that he was placed on a temporary work detail, during which time his job duties did not change, are not sufficient to show that he suffered a materially adverse employment action in light of the fact that Plaintiff does not allege that he suffered any other type of material and significant changes in his job, such as a loss of pay or a change in his job title.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the *pro se* plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### III. CONCLUSIONS

Plaintiff has not alleged in his Complaint any facts suggesting that he has direct evidence supporting his claims that he suffered disparate treatment because of his membership in a suspect class. In such a case, he must satisfy the burden-shifting, evidentiary framework for cases based upon circumstantial evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1972), and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). Under this framework, Plaintiff must establish a *prima facie* case, one of the elements of which is the showing that he suffered an adverse employment action. *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 185 (6th Cir. 2005); *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004). Plaintiff must ultimately show that he suffered a "materially adverse change in the terms or conditions of . . . employment" that was "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885-86 (6th Cir. 1996). An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). As the Sixth Circuit explained, "[n]ot every act affecting an individual's employment can be considered an adverse employment action." *McMillian v. Potter*, 2005 WL 1140629, *3 (6th Cir. May 11, 2005) (citing *Burlington Indus.*, 524 U.S. at 761).

Defendant's challenge to the sufficiency of Plaintiff's allegations with respect to the asserted adverse employment action is somewhat understandable given the sparse nature of the factual allegations set out in the Complaint. Nonetheless, Plaintiff proceeds *pro se*, and the Court must construe his pleadings with some measure of leniency in determining whether his pleadings state a

3

claim for relief. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdon v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Plaintiff has not set forth only conclusory allegations, but has made specific factual allegations that his job position was changed in a manner that was adverse to him. He has not alleged an employment action that is obviously and unquestionably *de minimis* or that would, under any factual scenario, fail to rise to the level of sufficient adversity to support a claim under Title VII. Instead, his allegations are sufficient to state a plausible disparate treatment claim under Title VII and entitle him to submit proof supporting his claims. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (noting that it "was error for the district court to require [plaintiff] to plead a *prima facie* case . . . in order to survive a motion to dismiss'); *Kiger v. Jennings Funeral Homes, Inc.*, 2011 WL 13575, *2 (M.D. Tenn. Jan. 4, 2011) (Campbell, J.). While Defendant may ultimately be able to show that there is a lack of evidentiary support for a conclusion that the employment action complained about by Plaintiff was, in fact, sufficiently adverse to support a Title VII claim, this is a showing more suitable to review upon a motion for summary judgment rather than upon a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Orozco v. City of Murfreesboro*, 2009 WL 4042586 (M.D. Tenn. Nov. 19, 2009) (Wiseman, J.).

On a final note, Plaintiff, in response to Defendant's assertion that the Complaint sets out only a single, discrete allegedly discriminatory act, *see* Docket Entry No. 11 at 4-5, suggests that he makes other allegations of discrimination. *See* Plaintiff's Response (Docket Entry No. 15), at 2-3. However, there are no factual allegations contained in the Complaint other than those involving Plaintiff's placement on a temporary detail in January 2011. There are certainly no allegations in the Complaint supporting a hostile workplace claim, which requires allegations that would show a workplace permeated with 'discriminatory intimidation, ridicule and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (citations omitted). Accordingly, the Court finds that the only legal claim alleged in the Complaint

4

is Plaintiff's claim for disparate treatment based upon his placement on a temporary detail in January 2011.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that Defendant's motion to dismiss (Docket Entry No. 10) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge